CHARLES W. WHIPPLE *v.* CHARLES H. STEWART.

w    357<br>118  491

The time fixed by the Master for the service of a summons, should be stated in the summons itself, or form a part of the underwriting, where the latter is necessary to inform the party of the object of the hearing; and the underwriting, as well as the summons, should be signed by the Master.

Where a defendant appeared before a Master at the return of a summons, and objected to his proceeding, on the ground that no time had been fixed for the service of the summons, *it was held,* that such appearance was no waiver of his right to make such objection.

Where proceedings are to be had under an order of reference to a Master, it is not necessary to serve a copy of such order on defendant with the Master's summons, but he is bound to take notice of it without service.

THIS was a judgment creditor's bill.

A motion was made for an attachment against Stewart, for not submitting to an examination before the Master, on an order for the appointment of a receiver; and for refusing to assign his property to the receiver.

*A. Davidson,* in support of the motion.

*J. F. Joy,* and *C. H. Stewart, in person,* contra.

THE CHANCELLOR. Two objections are taken to the motion; *first,* that the Master did not fix a time for the summons to be served on defendant previous to the hearing before him, as required by the seventy-second rule of the Court; and, *second,* that a copy of the order for the appointment of a receiver was not served with the summons.

The summons was dated January 25th, 1844, and required defendant to appear before the Master on the thirty-first day of that month, and was underwritten, "To proceed to examine the defendant Charles H. Stewart, and take an assignment from him to the receiver, pursuant to

the order of reference." The summons and underwriting were both signed by the Master; and defendant appeared at the time and place appointed, and made the first of the above stated objections, before the Master, which was overruled. The other objection was not then taken, and is now made for the first time.

The summons was served on the 25th day of January, the day it bears date, and, in all probability, a greater length of time before defendant was required to appear, than the Master would have directed, under the circumstances of the case, had he fixed the time at all. But the seventy-second rule requires the summons to be served upon the adverse party, or his Solicitor, such time previous to the day appointed for hearing as the Master may deem reasonable, and *direct*, taking into consideration the nature of the matter to be examined, and the residence of the parties. By appearing and taking the objection before the Master, defendant certainly did not waive it, as was insisted on the argument. The time fixed by the Master for the service of a summons, previous to the hearing, should be stated in the summons itself, or form a part of the underwriting, where the latter is necessary to inform the party of the object of the hearing; and the underwriting, as well as the summons, should be signed by the Master.

The second objection, it being a question of practice merely, and not having been taken before the Master, was waived by the appearance, conceding it would have been a good objection had it been insisted on at the time; which concession, however, I do not make. The Master must have a copy of the order to base his proceedings upon, but there is no good reason for requiring a copy to be served on defendant. He is bound to take notice of the entry of the order at his peril; and, if he has not seen it be-

fore, he will have an opportunity of seeing and examining it in the Master's office, and of ascertaining what it requires of him. The order is to be executed in the presence, and under the direction of a Master; and, in this respect, differs materially from an order requiring a party to do some act without the intervention of a Master, as to put in an answer within a specified time, or the like.

Motion denied.